## BUTTS *v.* BUTTS..

---

APPEAL AND ERROR; HUSBAND AND WIFE; DIVORCE.

It will be assumed that the court below in making an order overruling a
    motion by the husband in a divorce suit,. supported by affidavits, to
    award him the custody of children,—the custody of whom had previ-
    ously .been awarded to the wife in a decree dismissing her bill,—and
    to vacate an order of allowance to her for their support, considered
    not only the affidavits, but the entire record in the divorce proceed-
    ings, and where, on an appeal by the husband from the order deny-
    ing his motion, the pleadings and testimony in the proceeding are
    omitted from the transcript on appeal, the order will be affirmed.
    (Following *Lesh* v. *Lesh,* 21 App. D. C. 475.)

No. 2127.   Submitted April 22, 1910.   Decided May 10, 1910.

HEARING on an appeal by the defendant in a divorce suit
from a decree of the Supreme Court of the District of Columbia
overruling a motion to award him the custody of the children,
and to vacate a previous order of allowance to the wife for their
support.                                    *Affirmed.*

The COURT in the opinion stated the facts as follows:

In a suit for divorce brought by the appellee wife, Emma H. Butts, against the appellant husband, Louis R. Butts, in the supreme court of the District of Columbia, a decree was entered dismissing the bill of the wife, awarding the care and custody of an infant son to the husband, and the custody of two infant daughters to the wife, and requiring the husband to pay to the wife the sum of $12 per month for the support of the children awarded her.    Subsequently, a further order was made, increasing the allowance to $40 per month, with an additional sum for attorneys' fees and costs.    Following this order, the husband appeared in the original action, and moved the court to award him the custody of the two minor daughters, and vacate the order of allowance to the wife for their support.    This motion was supported by a large number of affidavits.    On hearing, the court entered an order denying the motion.    It is from this order that this appeal is prosecuted.

*Mr. E. W. R. Ewing* for the appellant.

*Mr. Wm. Henry White* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

At the outset we encounter a fatal defect in the record.    The pleadings and evidence in the original divorce proceeding, in which all of the above orders were made, is not before us.    It cannot be held that the order appealed from was made solely upon the showing made by the affidavits filed in support of the motion.    The order was not made in an independent proceeding, but in the original case.    The court had before it the entire divorce proceeding, and, we must assume, considered it in denying this motion.    The fact that the original order awarding the wife the custody of the two infant daughters and allowing her $12 per month, and the subsequent order increasing the allowance to $40 per month, were based solely upon the evidence

adduced at the trial of the divorce case, is persuasive, at least, that the court, when these orders were assailed, again considered that evidence.

This matter is fully disposed of by the court in the case of *Lesh* v. *Lesh,* 21 App. D. C. 475, where an order granting alimony *pendente lite* was made after the testimony in the divorce proceeding had been filed. The appeal was from the order, and the record, as in this case, contained affidavits in support of the motion, but did not contain a transcript of the evidence. Affirming the order, the court said: "The application here was made after the testimony in the cause had been taken and filed, and after a previous similar application had been refused. Presumably the present application was based, to a greater or less extent, upon the testimony. In fact, both parties, in their affidavits filed, in connection with the application, refer to this testimony and to the effect of it, in sustaining or disproving the charges and countercharges of the parties. We may well presume that, if the court below looked into the affidavits, as it purports to have done, and as it necessarily did, it looked also into the testimony, which was virtually made a part of the affidavits, for the purposes of this application, by the references thereto in the affidavits themselves. In fact, the refusal of the court to grant the alimony when it was first applied for, and its allowance of it after the testimony was taken, would tend to show very conclusively that the allowance was based upon the testimony. Now, we have not that testimony before us. It is not made part of this record on the present appeal. It is very plain, therefore, that it would be manifestly improper for us on this appeal to disturb the order of the court below in awarding an allowance of alimony *pendente lite.*"

There is nothing in the meager record before us to authorize a disturbance of the action of the court below. The order is affirmed, with costs, and it is so ordered.                    *Affirmed.*

A motion by the appellant for a rehearing was overruled May 24, 1910.